GREENWOOD TRUST COMPANY, Plaintiff, *v.* MORRIS SPEILLER and Others, Defendants.

County Court, Oneida County, April, 1923.

**Negotiable instruments — action on check — duplicate check given and original check fraudulently negotiated by payee — when holder of original check must give proof that it took for value and in good faith.**

Upon proof of facts tending to show that a check was fraudulently put in circulation the plaintiff in an action thereon may not rest upon the mere presumption which the possession of commercial paper affords but he must establish by competent proof his status as a *bona fide* holder for value.

Seven days after defendants had mailed a check to one V. in payment for merchandise sold to their firm they were informed by V. over the telephone that he had not received the check, whereupon it was agreed that a duplicate check should be sent, that payment of the first check should be stopped by defendants and that it should be returned to them if V. received it. The second check was mailed the day of the conversation over the telephone and the following morning V. transferred the first check to plaintiff, a banking institution, and shortly thereafter the second check went through the bank in the usual course and was paid. In an action to recover on the first check the plaintiff proved V.'s indorsement on the back of the check and rested. *Held*, that, defendants having under their answer proved the foregoing facts, the burden of proof was shifted to plaintiff to show that it was an innocent holder and for value, and in the absence of such proof the defendants were entitled to judgment dismissing the complaint.

ACTION on a check.

*Willis & Guile,* for plaintiff.

*Searle & Searle,* for defendants.

HAZARD, J. The facts in this case are undisputed. Some time in June, 1922, one J. T. Vandenburg, who lives in Bridgeville, Del., sold a carload of strawberries to defendant's firm in Utica. On June ninth of that year the defendants mailed to Vandenburg a check for $840 in payment therefor. On the sixteenth of June Vandenburg called defendants on the telephone and said he had not received the check, that he was hard up, and asked them to send a duplicate. It was agreed over the telephone that a duplicate check should be sent and that payment of the first check would be stopped by defendants, and that if Vandenburg should receive the first check he would return it to the defendants. The second check was mailed on that day. On the day following Vandenburg transferred the first check to the plaintiff herein, which is a banking concern at Greenwood, which is five miles from Bridgeville. Shortly after the second check went through the bank in the usual course and was paid.

Plaintiff brings this action upon the first check, claiming to be the holder for value. At the end of the case the court discharged the jury and directed that briefs be filed and the case has been submitted to me for a decision.

The answer of the defendants sets up the foregoing facts and puts in issue all of the material allegations of the complaint.

Plaintiff simply proved the indorsement of J. T. Vandenburg on the back of the check in question and offered no other evidence. The making of the check was admitted by the defendants.

The defendants in their case proved the facts as outlined above and rested.

It is claimed by the defendants that under section 322 of the Negotiable Instruments Law, the check on the date it was discounted, June sixteenth, was then seven days old; that it, therefore, was " stale " and did not have the status of negotiable paper; that the assignee, the plaintiff here, took the note, subject to all of the equities that existed between the parties. Of course, if that is so, the plaintiff cannot possibly succeed, because, manifestly, Vandenburg could not enforce payment of this first check against the defendants. I refrain from passing upon this claim, because I am convinced that upon the proofs made in this case the burden of proof was shifted to the plaintiff, and it could no longer rely upon the presumptions which accrue to it from possession of the instrument. I have reached the conclusion that the plaintiff was, after defendants' showing, called upon to prove that it was an innocent holder and for value.

I base this decision largely upon the case of *Mitchell* v. *Baldwin*, 88 App. Div. 265, 268. The evidence in this case clearly shows that

the check was " fraudulently put in circulation," and as stated in that case, upon such a showing, " the holder will then be required to show under what circumstances and for what value he acquired the instrument."

There is no hardship in applying this rule to the plaintiff's case. The plaintiff's cashier was in court and after listening to defendants' testimony he remained silent. If his bank did pay real value for the check and was in fact a *bona fide* holder for value, it was easily within his power to so testify.

I am further convinced of the correctness of this rule by the case of *C. N. Bank* v. *Diefendorf*, 123 N. Y. 191. Paragraph 3 of the syllabus reads: " The holder may make out his title by presumption until it is impeached by evidence showing the paper had a fraudulent or illegal inception. When this is done he can no longer rest upon presumption, but it is incumbent upon him to show the circumstances under which it came into his possession, and that he has acted in good faith."

This is in line with the opinion of the court at page 202, where it is said: " But where it further appears that such property has been fraudulently or illegally obtained from its owner or maker, and *under such circumstances that the person putting it in circulation could not maintain an action thereon*, it is incumbent upon the holder in order to succeed to go farther and show the circumstances under which it came into his possession, and that he has acted in good faith in the transaction."

The case of *Citizens State Bank* v. *Cowles* is, I think, also in point. This case is reported first in 39 Miscellaneous Reports, 571; it next appears in 89 Appellate Division, 281. The plaintiff won in both courts, but the judgment was reversed by the Court of Appeals (180 N. Y. 346) for the reason that there was some evidence in the case from which it might be inferred that the plaintiff was not in fact a *bona fide* holder for value. This is in line with the other cases cited, and it seems to me to be an authority on the proposition that in a case like this the plaintiff must after such facts as are shown here are proved, establish his status by some competent proof; and that he cannot rest upon the mere presumption which possession of commercial paper affords.

I must, therefore, decide that the defendants are entitled to judgment dismissing the complaint.

Judgment accordingly.